IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED 99 AUG 24 PM 2:52 U.S. DISTRICT COURT N.D. OF ALABAMA

SHERMAN NICKERSON, )
)
Plaintiff, )
)
vs. ) CV 98-AR-0202-S
)
SHERIFF JIM WOODWARD, JIM McCRELESS, )
MAJOR LINN MOORE, ROYCE FIELDS, )
CALVIN WILLIAMS, DEPUTY McCLURE, )
DEPUTY HAYES, LT. ANDREWS, SERGEANT )
GUY, and DEPUTY JOHNSON, )
)
Defendants. )

ENTERED
AUG 24 1999

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on July 7, 1999, recommending that the defendants' motion for summary judgment be granted and this cause be dismissed with prejudice. Plaintiff filed objections on August 12, 1999. Plaintiff contends that the report and recommendation of the magistrate judge should not be accepted because the magistrate judge has failed to give the proper weight to the facts submitted by the plaintiff. Plaintiff maintains that he was denied adequate dental care because defendants refused to allow him to receive the dental care he wanted. Plaintiff sought to have a tooth filled at his own expense rather than have it extracted which was the only treatment offered by the jail dentist. In order to establish liability under § 1983 for inadequate medical treatment, a prisoner must show that a failure to provide medical treatment amounted to cruel and unusual treatment in violation of the Eighth Amendment. In *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096, 106 S. Ct. 1492, 89 L. Ed. 2d 894 (1986),



the Eleventh Circuit held that an inmate's dissatisfaction with the medical treatment provided by the prison did not constitute a violation of the Eighth Amendment as long as the treatment provided did not amount to deliberate indifference. The Eighth Amendment is implicated only when the prison doctors or guards intentionally and deliberately deny or delay access to medical attention to serious medical conditions. *Barfield v. Brierton,* 883 F.2d 923, 938 (11th Cir. 1989). The fact that plaintiff was not offered a choice of treatments or was not allowed to have the treatment he preferred is not evidence of deliberate indifference.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

DONE this the 24th day of August, 1999.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE